REVISED, March 29, 2000

# UNITED STATES COURT OF APPEALS
**For the Fifth Circuit**

_____

No. 99-30282
_____


THOMAS F. WOODS,

                                                                                                Plaintiff,

VERSUS

INTERNATIONAL PAPER COMPANY, MARGARET MCHENRY,

                                                        Defendants-Third Party Plaintiffs-Appellees,

VERSUS

MISSISSIPPI RIVER CORP., UNITED STATES FIDELITY & GUARANTY COMPANY,

                                                        Defendants-Third Party Defendants-Appellants.


_____

Appeal from the United States District Court
for the Western District of Louisiana, Monroe Division
96-CV-2830
_____
March 8, 2000

Before DAVIS, CYNTHIA HOLCOMB HALL,[*] and SMITH, Circuit Judges.

PER CURIAM:[**]

        Third party defendants Mississippi River Corporation and United States Fidelity &
Guaranty Company ("MRC") appeal the district court's judgment denying their motion for summary
judgment and granting the motion for summary judgment of the defendants, International Paper
Company, Inc. and Margaret McHenry ("IP").  The district court found that IP was entitled to
contractual indemnification from MRC for personal injury damages sought by plaintiff Thomas
Woods against IP.  MRC seeks a reversal of the district court judgment and entry of judgment

_____

[*]Honorable Cynthia Holcomb Hall, U.S. Court of Appeals, Ninth Circuit, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not
precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denying IP's motion and granting MRC's motion for summary judgment. For the reasons that follow, we reverse and remand for entry of summary judgment in favor of MRC.

I.

In October 1996, Woods was allegedly injured at IP's mill in Bastrop, Louisiana when a forklift operated by McHenry (an IP employee) struck the tractor-trailer in which Woods was sitting. Woods was a driver for the Highlands Trucking Company ("Highlands") and was transporting "wet lap" (post-consumer paper product) from MRC's plant to IP's mill. Woods sued IP for his alleged injuries. IP then filed a third party complaint and motion for summary judgment against MRC, claiming the right to indemnity pursuant to a purchase order provision. MRC filed a cross motion for summary judgment against IP, claiming that the purchase order was unenforceable or, in the alternative, inapplicable. The district court granted IP's motion and denied MRC's motion. Pursuant to a settlement between Woods and IP while MRC's appeal was pending, the court entered a May 1999 order of partial dismissal, dismissing the complaint against IP with a reservation of rights between IP and MRC to pursue incidental actions.

MRC and IP have done business with each other since 1993. MRC recycles paper products into wet lap and sells them to paper product manufacturers, including IP. The practice between the parties was for IP to send a blanket purchase order to MRC at the beginning of each year that would cover all sales of wet lap for the year. The purchase order set forth product specifications, price, and freight/shipping information. As needed, IP would call MRC to place weekly or monthly orders for truckloads of wet lap, and an invoice was then generated for each truckload delivered to IP. An MRC employee would contact local shippers to determine their availability to transport the wet lap to IP; however, the shipper was paid by IP. In December 1995, IP sent the purchase order to MRC for 1996 wet lap sales. The reverse side of the purchase order included the indemnification clause at issue.[1]

---

[1]The clause reads as follows: If this order involves the purchase of services or goods <u>with on-site labor</u>, Seller [MRC] agrees to indemnify and save harmless the Buyer [IP], its agents, servants and employees from and against any and all expense, loss, damage, liability and attorney's fees which it incurs for any and all damage or injury of any kind or nature whatever (including death) to all persons, (including those employed by Seller) or property which is caused by, results from, arises out of or occurs in connection with performance by Seller <u>or any sub-contractor of Seller</u> of this order regardless of the fault or negligence or alleged strict liability on the part of Buyer. Upon demand, Seller agrees

2

IP asserts that under the indemnity clause, MRC must indemnify and defend it in the Woods lawsuit. On appeal, MRC argues that the clause is inapplicable to this case because Highlands was not its subcontractor and because MRC did not provide on-site labor.

## II.

We review the granting of a motion for summary judgment de novo. BellSouth Telecommunications, Inc. v. Johnson Bros. Corp. of La., 106 F.3d 119, 122 (5th Cir. 1997). Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Here, both parties agree that there are no genuine issues of material fact.

## III.

The indemnification obligation in this case only applies if Highlands was a subcontractor of MRC and if the "order involve[d] the purchase of services or goods with on-site labor...." MRC argues that the indemnity clause is inapplicable because the purchase order agreement between it and IP did not obligate MRC to ship the product to IP's mill in Bastrop, Louisiana; thus, there was no subcontract with Highlands for the shipping, nor did MRC provide on-site labor (through Highlands) under the purchase order.

### A.

The indemnification obligation in this case is only triggered if Highlands was a subcontractor of MRC. There could be no subcontract for the shipping between MRC and Highlands unless there was a contract between MRC and IP that obligated MRC to ship the product to IP's plant. A subcontractor is "[o]ne who takes [a] portion of a contract from [a] principal contractor... [or] one who has entered into a contract...for the performance of an act

_____

to assume on behalf of the Buyer the defense of any action at law or in equity, which may be brought against Buyer upon any such claim and to pay on behalf of Buyer the amount of any settlement or the amount of any judgment that may be entered against the Buyer in any such action. (Emphasis added).

with the person who has already contracted for its performance...." Blacks's Law Dictionary (6[th] Ed. 1991). The purchase order contained no express shipping obligation for MRC; however, the district court found that MRC had an implied obligation under the purchase order to ship the wet lap to IP. Having made that finding, it held that MRC subcontracted with Highlands to fulfill that shipping obligation, which triggered the indemnity clause.

Under Louisiana law, the seller has an implied obligation to deliver the thing sold. La. Civ. Code art. 2475. However, "delivery" under Louisiana law is not synonymous with "shipping" under a commercial contract, because it does not require the seller to physically hand the object of sale to the buyer; rather, if the parties so intend, delivery may be accomplished in another manner. La. Civ. Code art. 2477.

The purchase order itself does not address delivery of the product, nor is there any express obligation of MRC to ship the product from Natchez to Bastrop. The contract was a standard form used by IP, thus any doubt in interpretation must be resolved in favor of MRC. See La. Civ. Code art. 2056. Any doubt as to whether the contract included shipment of the wet lap should be resolved in MRC's favor. Here, although MRC called to arrange the shipment, IP made the decision to ship the product by truck, dictated the terms of the transport and routing of the product, had previously negotiated the shipping cost, and paid the shipper directly.

Further, at the time of delivery, the risk of loss of the thing sold caused by a fortuitous event is transferred from the seller to the buyer. La. Civ. Code art. 2467. Here, the terms of shipment were "Free on Board Shipping Point, Natchez." "[W]hen the seller has agreed to deliver the things free on board (F.O.B.) the place of shipment, he must ship the things at that place and bear the expense of putting them in the possession of the carrier there, at which moment the risk of loss is passed to the buyer. When the seller has agreed to deliver the things free on board (F.O.B.) the place of destination he must transport the things at his own expense and risk to that place and tender delivery to the buyer there." La. Civ. Code art. 2616, comment (c).

Thus, delivery occurred (and MRC's obligation was fulfilled) when MRC transported the product to the shipper, Highlands, in Natchez. IP's purchasing manager even testified that these

4

shipment terms meant that IP was responsible for the product sold once it left MRC's dock in Natchez. If shipping were part of the contract, the terms of shipping would have been "F.O.B. Destination," not "F.O.B. Shipping Point."

Under the purchase order, MRC did not contract to ship the product to IP's plant in Bastrop, thus Highlands cannot be a subcontractor of MRC for the shipping. Therefore, the indemnity clause is inapplicable.

B.

The indemnity clause also applies only if "this order involves the purchase of services or goods with on-site labor…" The purchase order did not obligate MRC to perform on-site labor. MRC's obligations were fulfilled when it delivered the product to the shipper in Natchez. The district court's finding that MRC was obligated to provide on-site labor was dependant on its finding that MRC had an obligation to transport the wet lap to the IP plant, and that Highlands was therefore a subcontractor of MRC. The on-site labor consisted of Highlands' driver driving his employer's truck onto IP's site. Because MRC was not obligated to physically transport the wet lap to IP's plant in Bastrop, there was no requirement that MRC provide on-site labor in performance of the contract, and the indemnity clause is inapplicable.

IV.

For the reasons stated above, the judgment of the district court is REVERSED, and we REMAND for entry of summary judgment in favor of MRC.

5